UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIE KELLY                                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:08CV397 DPJ-JCS

SAILORMEN, INC. d/b/a POPEYES,
ERIC LAWRENCE, IVY GREENFIELD and
JOHN DOES 1-5                                                                                        DEFENDANTS

ORDER

This premises liability action is before the Court on motion of Plaintiff Willie Kelly to remand this case to the County Court of Hinds County, Mississippi, pursuant to 28 U.S.C. § 1447. Defendants responded in opposition. The Court, having considered the memoranda of the parties, along with the pertinent authorities, concludes that Plaintiff's motion should be granted.

I.    **Facts/Procedural History**

This premises liability action arises out of a robbery that took place at a Popeye's Restaurant in Jackson, Mississippi. During the robbery, Plaintiff Willie Kelly, a patron, was robbed and assaulted. In May 2008, Kelly filed this suit in state court against the owner of the restaurant, Sailormen, Inc., and two of the managers, Eric Lawrence and Ivy Greenfield. Plaintiff alleges that Defendants failed to provide adequate security at the restaurant, given what they knew or should have know about the premises.

Defendant Sailormen removed the case to this Court, contending that the resident defendants, Lawrence and Greenfield, are improperly joined. Plaintiff, insisting that he stated a

viable claim against the resident defendants, moved to remand.[1]  The question before the Court is whether resident Defendants Greenfield and Lawrence are improperly joined.

**II.    Analysis**

    A.    Improper Joinder Standard

The improper joinder doctrine constitutes an exception to the plaintiff's traditional right to choose his or her own forum.  If a non-diverse defendant is joined in an action for the sole purpose of defeating diversity jurisdiction, the action may be removed.  However, the burden of proving such improper joinder is a heavy one.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).  The establishment of a claim for improper joinder can be accomplished by one of two ways.  The removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Actual fraud in the pleading of jurisdictional facts is not at issue in this case.

Under the second prong, this Court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  In doing so, a district court should ordinarily resolve an improper joinder claim by conducting a Rule 12(b)(6)-type analysis.  *Smallwood*, 385 F.3d at 573.  The Court "must evaluate all of the factual

---

[1] There is no dispute that Plaintiff's claim exceeds $75,000, thus only diversity of citizenship is at issue.

2

allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Finally, "[t]here are cases, hopefully few in number, in which the plaintiff has stated a claim, but misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.  In such cases, the district court has the discretion to pierce the pleadings and conduct a summary inquiry.  *Id.*

      B.      Improper Joinder Analysis

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings.  *Smallwood*, 385 F. 3d at 573.  Here, Plaintiff alleges in his Complaint that Defendants negligently failed to provide reasonable security measures.  Kelly specifically alleges that Lawrence and Greenfield knew of prior dangerous criminal acts on the premises and acted negligently by "failing to warn Plaintiff of the foreseeable harm he suffered, and by failing to reasonably inspect and make safe the premises from the foreseeable harm suffered by Plaintiff."  Complaint ¶¶ 23, 24.  Finally, Plaintiff asserts that "[t]he actions on the part of Defendants Lawrence and Greenfield rise to the level of gross negligence, malice, or an intentional tort thereby subjecting [them] to individual liability."  Complaint ¶ 25.

Defendant's removal effort hinges on the proposition that premises managers are not individually liable under Mississippi law.  However, an unpublished opinion from the Fifth Circuit Court of Appeals has observed that Mississippi law is unclear as to whether a premises

manager, in addition to a premises owner, can face personally liability in a premises liability case. *Smith v. Petsmart Inc.*, 278 F. App'x. 377, 380 (5th Cir. 2008). Because the Court must resolve all ambiguities in controlling state law in Plaintiff's favor, *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003), the Court concludes that a premises manager could face potential liability under Mississippi law. *Smith*, 278 F. App'x at 380 (reversing trial court's finding that there was no possibility of recovery against premises manager under Mississippi law). Ultimately, it is for the Mississippi Supreme Court (or the legislature) to decide this issue, and this Court expresses no opinion as to the proper result. However, under the appropriate standard, the Court finds that arguably, there exists "a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis*, 326 F.3d at 648.[2]

### III. Conclusion

The Court finds that Defendant has failed to meet its burden of demonstrating improper joinder.

---

[2] Defendant submitted an affidavit from Greenfield, in which he states that he was the on-duty manager at the time of the robbery, but he has "no job duties or authority to make decisions that concern store security measures." Greenfield Affidavit ¶¶ 4,5. Likewise, Lawrence, in his affidavit, states that he serves as area manager and does "not have any job duties that include assessment, implementation or any other form of decision-making authority pertaining to store security." Lawrence Affidavit ¶ 4. First, these affidavits do not indicate any misstated or omitted facts which would necessitate review beyond the pleadings, so it is questionable whether piercing the pleadings would be appropriate. Second, the Fifth Circuit in *Smith* considered a similar affidavit from the resident defendant store manager, where she admitted she was the manager on duty but stated it was not within her job duties to supervise and instruct the forklift operator whose forklift purportedly caused the plaintiff's fall. 278 F. App'x at 381. The court found that based on the resident defendant's admission that she was the manager on duty, "there [was] a reasonable possibility that a fact finder would consider [her] a 'person in charge of the premises' . . . ." *Id.* at 382. Thus, even if the Court were to consider these affidavits, remand would still be proper.

IT IS, THEREFORE, ORDERED that Plaintiff's motion to remand is GRANTED.  This case is remanded to the County Court of Hinds County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 6th day of October, 2008.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE